[939 NYS2d 107]

In the Matter of PAUL E. WARBURGH, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 21, 2012

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Michael Fuchs* of counsel), for the petitioner.

*Paul E. Warburgh, Jr.*, Huntington, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The instant application is predicated upon an order of the United States Court of Appeals for the Second Circuit (hereinafter the Second Circuit) dated March 22, 2011 (*In re Warburgh*, 644 F3d 173 [2d Cir 2011]), publicly reprimanding the respondent and granting him leave to resign from the bar of the Second Circuit, based upon a report of that court's Committee on Admissions and Grievances (hereinafter the Committee) dated April 8, 2009.

By order filed in September 2007, the Second Circuit requested that the Committee investigate the respondent's professional conduct, and prepare a report on whether he should be subject to discipline or other corrective measures, in connection with four matters before the Second Circuit, to wit, *United States v Bazuaye* (05-5389-cr), *United States v Martinez* (05-4825-cr), *United States v Vasquez* (*De La Cruz*) (07-0841-cr), and *United States v Delvi* (*Cordero*) (04-4414-cr).

In March 2008, the Committee ordered the respondent to show cause why it should not recommend to the Second Circuit that disciplinary or other corrective action be taken against him. Although the respondent requested, and received, multiple extensions of time to respond to the Committee's order, he failed to do so. Moreover, each of his extension requests was made after the relevant deadline had passed. Additionally, the respondent failed to respond to a number of other Committee communications, including one explicitly advising him that the Committee would proceed with the matter even in the absence of a response. Upon the respondent's default, the Committee proceeded to a determination, without a hearing, and submitted its report to the Second Circuit.

In its report, the Committee found that, in the aforementioned matters, the respondent failed to comply with the Second Circuit's scheduling orders, failed to respond to that court's inquiries, and failed to communicate with his clients.

With respect to the *Bazuaye* matter, the Committee found that the respondent failed to obey the Second Circuit's order directing him to file a motion to withdraw as counsel; failed to file a brief, causing the appeal to be dismissed on default; and failed to accept his client's telephone calls, and comply with his client's instructions for him to withdraw as counsel.

With respect to the *Martinez* matter, the Committee found that the respondent failed to obey the Second Circuit's scheduling order by failing to timely file a brief and that he failed to respond to that court's inquiries regarding same.

With respect to the *Vasquez* (*De La Cruz*) matter, the Committee found that the respondent failed to comply with the Second Circuit's instructions and orders, causing the appeal to be dismissed.

With respect to the *Delvi* (*Cordero*) matter, the Committee found that the appeal was erroneously dismissed on the belief that the respondent had failed to file a brief, despite the Second Circuit's inquiries, and that the respondent appeared to have made no effort to have the appeal reinstated after its improper dismissal.

In addition, the Committee found that the respondent's failure to cooperate with its investigation was both an independent basis for discipline and an aggravating factor. However, despite the absence of cooperation, the Committee considered, in mitigation, evidence of the respondent's health problems, as well as his stated intention to retire, gleaned from other submissions to the Second Circuit.

A notice pursuant to 22 NYCRR 691.3 was personally served upon the respondent on April 25, 2011. By handwritten letter dated May 10, 2011, the respondent asserted that he should not be subjected to further discipline inasmuch as he is 70 years of age, in failing health, and winding up his practice after 40 years as a lawyer. He stated, however, that while he does not "completely agree" with the outcome in the Second Circuit, he "accept[s] it."

In the absence of a verified statement from the respondent setting forth any of the three defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c), there is no impediment to the imposition of discipline by this Court (*see* 22 NYCRR 691.3 [b]).

Inasmuch as the respondent has asserted none of the enumerated defenses to the imposition of reciprocal discipline, the application of the Grievance Committee for the Tenth Judicial District is granted, and the respondent is publicly censured.

MASTRO, A.P.J., RIVERA, DILLON, ANGIOLILLO and FLORIO, JJ., concur.

Ordered that the application of the Grievance Committee for the Tenth Judicial District to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Paul E. Warburgh, Jr., is publicly censured.