[951 NYS2d 429]

In the Matter of CHRISTINA A. AGOLA, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 28, 2012

## APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Christina A. Agola*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court

on July 13, 1994, and maintains an office in Rochester. By order entered June 6, 2012, the United States Court of Appeals for the Second Circuit publically reprimanded respondent for misconduct that included her failure to comply with that court's scheduling orders and other deadlines in 21 cases (*Matter of Agola*, 2012 WL 2025389, 2012 US App LEXIS 11538 [2d Cir, June 6, 2012, No. 10-90061-am]). On June 11, 2012, the Grievance Committee filed with this Court a certified copy of the order entered in the federal appellate court. By order entered June 20, 2012, this Court directed respondent to appear and show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR 1022.22. Respondent filed a written response to the order to show cause, and she appeared before this Court on the return date thereof.

Pursuant to 22 NYCRR 1022.22, an attorney disciplined in another jurisdiction may be disciplined by this Court for the underlying misconduct unless we find "that the procedure in the foreign jurisdiction deprived the attorney of due process of law, that there was insufficient proof that the attorney committed the misconduct, or, that the imposition of discipline would be unjust." In this case, in response to the order to show cause, respondent contends only that the imposition of reciprocal public discipline by this Court would be unjust. In support of that contention, respondent states, inter alia, that no client was prejudiced by her misconduct in federal court and that she has taken steps to ensure that the misconduct does not recur.

In matters of reciprocal discipline, this Court affords great weight to the sanction imposed by the jurisdiction in which the charges were initially adjudicated. In addition, at least two of the other Departments of the Appellate Division have reciprocally censured attorneys who were publically reprimanded by the United States Court of Appeals for the Second Circuit for misconduct that included failing to comply with scheduling orders and other deadlines in relation to numerous client matters (*see e.g. Matter of Mundie*, 97 AD3d 194 [2012]; *Matter of Warburgh*, 93 AD3d 141 [2012]).

Accordingly, affording due regard to the sanction imposed by the federal appellate court, we conclude that respondent should be censured.

SCUDDER, P.J., FAHEY, CARNI and SCONIERS, JJ., concur.

Order of censure entered.